UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FRANK PIRONE,

                        Plaintiff,

              -against-

THE CITY OF NEW YORK, P.O. JAY RIVERA, Shield 3882, Individually and in his Official Capacity, P.O. KYLE STANLEY, Shield 3809, Individually and in his Official Capacity, and "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                        Defendants.

-------------------------------------------------------------------X

**AMENDED COMPLAINT**
**17 CV 03070 (MKB)(RER)**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff FRANK PIRONE, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff FRANK PIRONE is an African American male and has been at all relevant times a resident of Fulton County in the State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. JAY RIVERA, Shield 3882, P.O. KYLE STANLEY, Shield 3809 and P.O.s "JOHN DOE" #1-#10 ("NYPD defendants") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On or about August 8, 2014, plaintiff FRANK PIRONE was lawfully present in the vicinity of Forbell Street and Conduit Boulevard, in Kings County, City and State of New York.

14. At the aforesaid time and place, defendant officers pulled up in front of plaintiff in an unmarked car, jumped out and suddenly accosted plaintiff.

15. Thereafter, defendant officers asked plaintiff what he was doing and then immediately grabbed Mr. Pirone and slammed him up against a fence despite the fact there was no evidence he had committed any crimes or offenses or was otherwise engaged in any criminal activity.

16. Then, defendants began to strike and punch plaintiff about the face and head causing plaintiff without cause, provocation or justification causing plaintiff to suffer a fractured jaw that eventually required invasive surgical intervention and the insertion of hardware to repair the fracture.

17. Following this, the defendant officers immediately placed Mr. Pirone under arrest, handcuffing his arms tightly behind his back, and charged him with Attempted Tampering with Physical Evidence, Obstructing Governmental Administration in the Second Degree, Resisting

Arrest, Criminal Possession of a Controlled Substance in the Seventh Degree and Unlawful Use of an Exclusive Area of a Playground.

18. Subsequently, plaintiff was taken by police to Brookdale hospital for his injuries where he stayed for three (3) days, remaining handcuffed for the entire time and under police guard despite posing no risk of flight risk or threat to anyone.

19. Following his discharge from the hospital, Mr. Pirone was taken in handcuffs to the 75th Precinct where he was held in a holding cell for several hours before being transported to Central Booking, where he was further confined for several more hours, before he was released following arraignment.

20. In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office – namely, the defendants falsely informed prosecutors that Mr. Pirone had resisted arrest when officers attempted to take him into custody in order to cover up their own use of excessive force.

21. As a result of his arrest, Mr. Pirone suffered a broken jaw, spent approximately three (3) days in handcuffs and made approximately three (3) court appearances before all charges against him were adjourned in contemplation of dismissal on or about November 20, 2014.

22. As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

30. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

31. As a result of the aforesaid conduct by defendants, plaintiff's person was caused to be handcuffed to a hospital bed for the entire duration of his hospitalization without any reasonable or probable cause to believe that continued handcuffing was necessary to restrain plaintiff and prevent his escape.

## THIRD CLAIM FOR RELIEF ARISING UNDER 42 U.S.C. § 1983
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

33. Defendants created false evidence against plaintiff.

34. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

35. Defendants misled the prosecutors by creating false evidence against plaintiff and thereafter providing false testimony throughout the criminal proceedings.

36. In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

39. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

40. As a result of the foregoing, plaintiff sustained, inter alia, bodily injuries, including, but not limited to, severe headache, abrasions to his head, facial pain, hamstring pain, and swelling of his hands and wrists, which required medical treatment.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

42. The defendants had an affirmative duty and the opportunity to intercede when plaintiff's constitutional rights were being violated in defendants' presence by the use of excessive force and by misrepresenting and falsifying evidence regarding the circumstances surrounding plaintiff's arrest throughout all phases of the criminal proceedings.

43. Defendants further violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

44. As a result of the defendants' failure to intercede when plaintiff's constitutional rights were being violated in defendants' presence, plaintiff sustained, *inter alia*, physical and

emotional injuries, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without justification.

**SIXTH CLAIM FOR RELIEF FOR
MUNICIPAL LIABILITYUNDER 42 U.S.C. § 1983**

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

46. Defendants caused excessive force to be utilized against plaintiff without justification or provocation causing plaintiff severe injuries in violation of his constitutional rights.

47. Defendants caused plaintiff's liberty to be restricted by providing the District Attorney false information in order to cover up the evidence of their violent and illegal acts of excessive force in violation of the constitutional rights of plaintiff.

48. Defendants caused plaintiff to be handcuffed continuously while he was admitted to the hospital for treatment for his injuries despite having no reasonable justification for doing so and despite the fact that he posed no risk of flight and was under police guard the entire time in violation of the constitutional rights of plaintiff.

49. The acts complained of were carried out by the aforementioned individual defendants and subordinate officers of the NYPD officers, including P.O. JAY RIVERA, Shield 3882, P.O. KYLE STANLEY, Shield 3809, and P.O. "JOHN DOE"'s #1-10 in their capacities as NYPD officers and officials, with all the actual and/or apparent authority attendant thereto.

50. The acts complained of were carried out by the aforementioned individual defendants and subordinate NYDPR officers, including P.O. JAY RIVERA, Shield 3882, P.O. KYLE STANLEY, Shield 3809 and P.O. "JOHN DOE"'s #1-10 in their capacities as NYPD

officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York.

51. The pattern of falsifying information in connection with instances of excessive force established by policy-making officials within the NYPD and the City of New York, the failure to train officers and employees, and the failure to supervise and/or discipline staff responsible for theses acts are so institutionalized as to represent a policy or custom of unconstitutional violations that have resulted in the deprivation of plaintiffs' rights.

52. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, the NYPD include, but are not limited to, the following unconstitutional practices:

> i. Explicitly and/or implicitly establishing a policy of falsifying information and charges against individuals in order to cover up and/or justify instances of excessive force;
>
> ii. Utilizing excessive force in connection with arrests for minor or petty offenses when there is no excuse or justification for any such force;
>
> iii. Requiring that individuals be and remain handcuffed during any hospitalization following arrests regardless of the necessity of the handcuffing to prevent escape or danger to themselves or others; and/or,
>
> iv. Showing deliberate indifference to the requisite level or suspicion required to stop, search, detain and/or arrest an individual;

53. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct by the NYPD and from the statistics, records and reports maintained by City Agencies.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD, plaintiff was arrested without probable cause or any legal basis and subjected to excessive force, detention, search, restraints, handcuffing and verbal, mental and physical abuse in violation of their constitutional rights.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

59. Defendants, collectively and individually, while acting under color of state law, acquiesced in and encouraged a pattern of unconstitutional conduct by subordinate NYPD officers, and were directly responsible for the violation of the constitutional rights of plaintiff.

60. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    ii. Not to be deprived of liberty without due process of law;

    iii. To be free from search, seizure and arrest not based upon probable cause;

    iv. To be free from excessive force incident to arrest; and,

    v. To receive equal protection under the law;

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

      i.      an order awarding compensatory damages in an amount to be determined at trial;

      ii.     an order awarding punitive damages in an amount to be determined at trial;

      iii.    reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

      iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       January 30, 2018

                                        BY: _____/S_____
                                                    JOSHUA FITCH
                                                    GERALD COHEN
                                                    ILYSSA FUCHS
                                                    COHEN & FITCH LLP
                                                   *Attorneys for Plaintiff*
                                                   233 Broadway, Suite 1800
                                                   New York, N.Y. 10279
                                                   (212) 374-9115
                                                   jfitch@cohenfitch.com
                                                   gcohen@cohenfitch.com
                                                   ifuchs@cohenfitch.com