**COHEN & FITCH LLP**
233 BROADWAY, SUITE 1800
NEW YORK, NY 10279
TEL: 212.374.9115
FAX: 212.406.2313

---

September 26, 2018

**BY ECF**

Honorable Ramon E. Reyes Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    <u>Frank Pirone v. The City of New York, et. al.</u>
              17 CV 03070 (MKB)(RER)

Your Honor,

     My office represents the plaintiff in the above referenced civil rights action brought pursuant to 42 U.S.C. § 1983. I write now to bring to the Your Honor's attention to a discovery violation committed by defendants and to seek preclusion of any materials obtained in connection with that violation or any testimony regarding same. Significantly, defendants improperly accessed sealed arrest records without permission or authority in violation of CPL §160.50/55, and as will be discussed *infra*, notwithstanding the lack of relevancy of these unrelated arrest records to any fact in this case, this violation alone warrants preclusion of this evidence.

**Background**

     As Your Honor is aware, this 1983 action arises from constitutional violations stemming from his arrest on August 8, 2014, wherein plaintiff suffered a displaced fracture of his jaw, which has thus far, required two (2) surgical procedures to repair. Since the filing of the Complaint, the parties have engaged in extensive discovery in this case, including five (5) depositions and the exchange of over one thousands documents.[1] In connection with discovery, on or about February 8, 2018, defendants requested, and plaintiff provided, a release pursuant to CPL § 160.50 which gave defendants permission to access plaintiff's sealed records related to his August 8, 2014 arrest (the subject incident) and a *list* of plaintiff's prior arrests. In other words, the release provided by plaintiff, by its very language, was not a "global release," and therefore did not give

---

[1] One remaining deposition is scheduled for tomorrow, September 26, 2018, and barring something unforeseen, fact discovery will close on October 1, 2018 without the need for any extensions.

1

defendants permission or authority to access any underlying information or documentation related to any of plaintiff's other, unrelated *sealed* NYPD records. In addition, at no time during discovery did defendants seek access to any additional sealed records information from the court. Nevertheless, on or about September 20, 2018, the undersigned received an e-mail enclosing Defendants' Supplemental Disclosures dated September 20, 2018 (DEF. 1204-1226), which were sealed NYPD records pertaining to an unrelated, prior arrest of plaintiff which occurred on August 7, 2014, that was subsequently dismissed and sealed. Thus, given the fact there was no unsealing order permitting access to these records, it is clear that defendants accessed same in violation of CPL §160.50.

Thereafter, on September 24, 2018, the undersigned e-mailed defense counsel regarding the suspected 160.50 violation. Subsequently, in a telephone conference that same day, it was verified that the violation had occurred, at which time, plaintiff's counsel advised defense counsel that the only possible remedy would be for defendants to agree to preclusion of these records and any reference or use of the information contained therein at trial. Then, on September 25, 2018, defense counsel e-mailed the undersigned indicating that defendants would "sequester" these records, but then requested that plaintiff provide an unsealing authorization to allow defendants access to the very same sealed records which they had already improperly accessed without plaintiff's permission. Accordingly, plaintiff must now seek intervention from this court in the form of preclusion.

## **Argument**

### *Defendants Have Clearly Violated the Rule and Spirit of 160.50/55 by Improperly Accessing Plaintiff's Sealed Arrest Records*

"CPL 160.50 was enacted to ensure protection for exonerated individuals that is 'consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.'" Lino v City of New York, 101 AD3d 552, 556 (1st Dept 2012) (citations omitted).[2] Indeed, this "fall[s] within the statutory goal of insuring against the stigma that is created as a result of plaintiffs having been the subjects of un-sustained accusations." Id. (alteration added). Further, the New York Court of Appeals has held that § 160.50's purpose is not merely to prohibit "*public* scrutiny" of sealed criminal records, but also "to preclude access by those, especially in government and bureaucracy, who might otherwise prejudicially use rightfully protected

---

[2] In fact, it should also be noted that in Lino, the First Department squarely held that a private right of action could flow from a violation of CPL §160.50 and/or §160.55. Lino, 101 AD3d at 557 ("Therefore, the motion court erred in dismissing plaintiffs' complaint in its entirety because CPL 160.50 and 160.55 create private rights of action, which allow plaintiffs to seek enforcement of the statute."); see also, Baunach v Liberty Mut. Fire Ins. Co., 2014 WL 1278122, at *3 (E.D.N.Y. 2014)("Section 160.50 has been interpreted to create a private right of action against government entities that fail to seal criminal records in accordance with the Statute."). As such, theoretically, plaintiff could initiate a separate civil action against the City of New York related to this 160.50/55 violation.

information." Alonzo M. v. New York City Dep't of Prob., 72 N.Y.2d 662, 668 (N.Y. 1988). Accordingly, while CPL §160.50(d) allows for access to sealed records in limited circumstances (See CPL § 160.50(d)(i-vi)), it does not allow for sealed records to be accessed by the police department and/or corporation counsel's office for the purposes of civil litigation absent an unsealing order executed by the plaintiff. See id.

Here there is no dispute that plaintiff's August 7, 2014 arrest was sealed under §160.50/55. As such, no government agency, be in it the NYPD and/or the New York City Law Department, was allowed to access or use any of these records for litigation purposes without prior authorization. See CPL §160.50(1)(c)(and its equivalent for non-criminal offenses codified in CPL §160.55)(upon the termination of a criminal action in favor of an accused person, that the record of such action shall be sealed). Simply put, defendants had no right under the law to access these records – whether intentionally or negligently – without plaintiff's consent and their behavior warrants an appropriate sanction.[3]

***The Only Appropriate Remedy for Defendants Undisputed Violation of CPL § 160.50/55 is Preclusion***

There is really only one remedy for defendants' violation – namely, preclusion. Moreover, contrary to what defendants will presumably suggest, they cannot simply cure this violation and un-ring the proverbial bell by now seeking to access these records by proper means. Indeed, courts uniformly agree that preclusion from trial of evidence or testimony relating to sealed arrest and prosecution records obtained in violation of 160.50/55 is the appropriate solution. For example, in Lugo v. The City of New York, 14 CV 07185 (WHP), Southern District Judge Pauley not only excluded the City from offering into evidence underlying documents related to plaintiff's sealed arrest but also excluded witnesses from testifying about anything related to same. (See portions of Lugo trial transcript, annexed hereto as Ex. A).

Moreover, In Matter of Dondi, the Court of Appeals held that the use of an individual's improperly obtained sealed criminal records in an attorney disciplinary proceeding warranted reversal and dismissed the entire case, finding that "[t]here is no question that appellant suffered a violation of his right to due process by the improper access to the sealed records." Dondi, 63 N.Y.2d 331, 336-339 (N.Y. 1984). Similarly, in People v. Seeley, the court limited the prosecution's use of defendant's prior inconsistent statements to law enforcement because the "records that resulted in a favorable disposition as defined by CPL 160.50(3) [were] sealed, and [could] not be used by the People on either their direct case or on cross-examination as impeachment evidence." Seely, 179 Misc. 2d 42, 52 (Sup. Ct. 1998); see also Prop. Clerk of New York City Police Dep't v. Taylor, 237 A.D.2d 119, 120 (1st Dept 1997) (upholding exclusion of chemist's testimony because she had reviewed sealed documents); In re T.P., 51 Misc. 3d 738, 741 (N.Y. Fam. Ct. 2016) (excluding an officer's testimony in family court because the

---

[3] It should also be noted that there is a currently pending class action against the City of New York related to the City's unlawful practice of routinely violating CPL §160.50/55. See R.C. et al. v. The City of New York et al. Index No. 153739/2018 (New York County Supreme Court).

3

officer had reviewed sealed documents). Not only is there ample precedent supporting preclusion, but Corporation Counsel themselves routinely deny access to documents in litigation based on the sealing provisions of 160.50/55. See, e.g., Twine v. Four Unknown New York Police Officers, 2012 WL 6184014, at *4 (S.D.N.Y. 2012) (noting that Corporation Counsel argued "any records regarding the incident alleged in the complaint, including the city's own records, would be sealed pursuant to New York Criminal Procedure Law § 160.50.").

In addition, what makes preclusion more appropriate in this case is the lack of relevancy of the improperly accessed material – namely, a dismissed arrest.[4] First, the defendants *undisputedly knew nothing* about Mr. Pirone prior to his arrest, and therefore his unsubstantiated prior arrest is not probative of whether or not the force used by defendants against Mr. Pirone was reasonable – the central issue in this case. Second, it is well settled that "[a]rrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness." Michelson v. United States, 335 U.S. 469, 482 (1948))(emphasis added). Indeed, getting arrested "happens to the innocent as well as the guilty" and is therefore probative of nothing by itself. Daniels v. Loizzo, 986 F.Supp. 245, 252 (SDNY 1997). Most importantly, however, is that a prior dismissed arrest for Assault has no bearing on his veracity as a matter of law. See U.S. v. Estrada, 430 F.3d 606, 614 (2d Cir. 2005)("'crimes of force, such as armed robbery or *assault*, or crimes of stealth, such as *burglary* or petit larceny do not come within 609(a)(2).'"); United States v. Hayes, 553 F.2d 824, 827 (2d Cir.1977)("crimes of force, such as armed robbery or *assault*, or crimes of stealth, such as burglary or petit larceny, do not come within [Rule 609(a)(2)]")(alteration and emphasis added); see also Robinson v. Troyan, 2011 WL 5416324, *2 (E.D.N.Y. 2011). Accordingly, given that this material was undeniably obtained through improper means in violation of 160.50/55 and since its use would only be to impermissibly suggest that plaintiff has a bad or "aggressive character" and "was therefore more likely than not that he was the aggressor on the occasions in question," it must be precluded. Hynes v. Coughlin, 79 F.3d 285, 292 (2d Cir. 1996).

In sum, defendants clearly violated the proscriptions of 160.50/55 and there is simply no excusable reason for the defendants to have obtained these records. No amount of retroactive unsealing that defendants may attempt to properly accomplish can undo what has already occurred. Accordingly, plaintiff respectfully requests an order precluding defendants from offering these records, and/or any testimony related to same, into evidence or using them in this litigation in any way, and further request that Your Honor deny any future request for a retroactive unsealing authorization.

Thank you for your consideration of this request.

---

[4] Plaintiff also notes that to the extent defendants argue that these documents are relevant because of a reference within them regarding medical treatment plaintiff received on August 7, 2014, plaintiff has already provided defendants with a HIPAA authorization allowing them to access said medical records.

4

Very truly yours,

_____/s_____
Ilyssa S. Fuchs
Joshua P. Fitch
COHEN & FITCH LLP
*Counsel for Plaintiff Frank Pirone*

CC: **BY ECF**

Bridgette Nunez, Esq.
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, New York 10007

Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201