# COHEN & FITCH LLP
225 BROADWAY, SUITE 2700
NEW YORK, NY 10007
TEL: 212.374.9115

---

June 18, 2019

**BY ECF**
Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Frank Pirone v. The City of New York, et. al.</u>
                    <u>17 CV 03070 (MKB)(RER)</u>

Your Honor:

      I represent the plaintiff in the above referenced matter and I write now to respectfully request that this Court consider the recent District Court decision in <u>Jenkins v. City of New York</u>, No. 15 CV 5889 (RJD), 2019 WL 2367060 (E.D.N.Y. June 5, 2019) in connection with the pending motion for summary judgment in this matter.[1]

      In their Reply brief,[2] defendants argue, <u>inter alia</u>, that the portion of plaintiff's <u>Monell</u> claim related to the City's deliberate indifference to the supervision and discipline of defendant officers fails because: i) "none of the force allegations filed with the CCRB against Stanley and Rivera were substantiated" (Def. Reply at 14); ii) "these [other] incidents are incapable of providing notice to the City that more training, supervision, or discipline was required to avoid plaintiff's alleged constitutional deprivation (<u>id</u>. at 13); iii) "[t]o the extent plaintiff argues that the disciplinary measures against these defendants were insufficient, plaintiff has adduced no evidence, for example, to show that 'superior methods were in use by other police departments'" (<u>id</u>. at 19); and iv) "[p]laintiff cannot

---

[1] Plaintiff would obviously have relied upon and cited to this decision in his original opposition papers, however, at the time of plaintiffs' submissions, this decision had not yet been rendered.
[2] As plaintiff has previously argued, these arguments were never meaningfully raised or addressed in defendants' original moving papers.

1

establish a causal connection between the policy and the alleged unconstitutional conduct." (Id. 20).

However, in Jenkins, the Honorable Raymond J. Dearie rejected a nearly identical set of arguments proffered by the City in defense of its supervisory and disciplinary policies with respect to an officer who had a similar – although somewhat tamer – history of force allegations as the defendants in the present matter. Significantly, the District Court determined that "[a] reasonable jury could find that a monitoring and disciplinary system that disregards any complaint or series of similar complaints because they are unsubstantiated does not demonstrate a 'meaningful attempt on the part of [the City] to...forestall further incidents.'" Jenkins, 2019 WL 2367060 at *10. More specifically, Judge Dearie found that:

> [t]he record further reveal[ed] that investigators routinely forgo any classic fact finding, even when there is clear corroborating evidence…[giving] [t]he clear, unmistakable impression [] that if there is no irrefutable corroborating evidence, the matter is conveniently labeled 'unsubstantiated,' which, as a practical matter, the City equates with exonerated…[and] unless an officer is caught red-handed or his conduct is undeniable for whatever reason, the NYPD and the City simply choose to regard the allegation as a non-event having no factual or legal evidentiary significance in terms of supervisory responsibility or legal analysis, no matter the frequency or similarities in the complaints.

Id. at *7. In light of these findings, the Court ultimately concluded that "[t]he City cannot be heard to complain about notice when it allows a demonstrably flawed system to persist while it sticks its head in the sand and pleads innocent ignorance." Id. at 10.

While there are no doubt marginal differences between Jenkins and the instant case – the most notable being a far more extensive history of force *in this case* that went ignored by the City – the reasons for denying summary judgment on the Monell claims in both matters are virtually identical. Simply put, in both cases:

> [the City's] disinterest in [defendants'] complaint history and the lack of serious repercussions could have led [defendants] to believe that [their] conduct would go unpunished, empowering [them] to engage in further misconduct...[and therefore] [a] reasonable jury could find that [plaintiff's] injuries were foreseeable given the City's failure to adequately investigate allegations against [defendants] and to take appropriate measures to supervise and discipline [them].

Id. at *11.

Thus, given the apparent overlap between the decision in Jenkins and the factual predicate for the failure to supervise claims in this case, it is respectfully requested that

Your Honor consider the decision in <u>Jenkins</u> in connection with plaintiff's opposition and deny defendants' motion for summary judgment in this respect.

Thank you for your consideration of this request.

Respectfully submitted,

_____/s_____
Joshua P. Fitch

cc: BY ECF
Bridgette Nunez, Esq.
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, New York 10007