UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Frank Pirone,

      Plaintiff,

– against –

The City of New York; Police Officer Jay Rivera, Shield #3882; Police Officer Kyle Stanley, Shield #3809,

      Defendants.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

17-cv-3070 (ERK) (RER)

KORMAN, *J.*:

  Plaintiff Frank Pirone alleges that New York police officer Jay Rivera used excessive force (while arresting him for using illicit drugs in a playground) by punching him in the face three times and fracturing his jaw. Plaintiff likewise alleges that Rivera's partner, Kyle Stanley, unlawfully failed to intervene, and that the New York Police Department (NYPD) failed to properly supervise the officers. Finally, plaintiff contends that the NYPD unlawfully handcuffed him during his five-day hospitalization, based on a policy requiring that all hospitalized suspects be handcuffed. Judge Brodie denied defendants' motion for summary judgment on all of these claims, finding that a reasonable jury could rule in plaintiff's favor.

Plaintiff now moves for leave to amend his complaint and to certify a class of all hospitalized prisoners subject to the handcuffing policy. He also asks that this class claim be severed from the other claims he asserts in his individual capacity. *Id.*

## DISCUSSION

*A. Standard*

Plaintiff argues that his motion for leave to amend should be analyzed under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave [to amend] when justice so requires." Defendants respond that plaintiff must satisfy the more demanding standard established by Rule 16(b)(4), which requires a showing of "good cause." I do not resolve this dispute because I conclude that plaintiff's motion fails even under the more permissive standard of Rule 15.

Generally, leave to amend will be granted under Rule 15 because "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave may be denied "for [a] good reason," such as "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009).

*B. Application*

Prejudice is "perhaps the most important factor" bearing on the Rule 15(a) analysis, 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. 2010), and "a trial court [is] required to take into account any prejudice that [defendant] would [] suffer[] as a result" of a decision to grant leave. *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330–31 (1971). Denial of leave to amend "based solely on delay and litigation expense" is an abuse of discretion. *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017); *see also State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). A nonmovant may show "undue prejudice" if the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *Pasternack,* 863 F.3d at 174 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Delay combined with prejudice may justify denial of leave to amend, *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990), but "complaints of the time, effort and money expending in litigating the matter, without more" are not enough. *Pasternack*, 863 F.3d at 174 (internal quotation and alterations omitted).

1. *Undue Delay*

The hour is late for plaintiff to seek to transform this case into a class action. This case was originally filed as a *pro se* matter on May 18, 2017, and counsel first

appeared for the plaintiff on January 10, 2018. ECF Nos. 1, 28. Fact discovery was certified closed on January 17, 2019, and Judge Brodie denied summary judgment on March 31, 2020. ECF No. 69. Plaintiff did not file the instant motion until May 7, 2020, ECF No. 71, more than a year after the close of fact discovery, more than two years after his counsel first appeared, and nearly three years after he commenced the action. Plaintiff's motion to amend comes after "an inordinate delay, [and] no satisfactory explanation is offered for the delay." *Cresswell*, 922 F.2d at 72.

Plaintiff attempts to explain in two ways. First, he points out that he could not have attempted to represent a class as a *pro se* plaintiff. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). That is true, but it explains at most eight months of the nearly three-year delay between commencement of the suit and this motion to amend. More importantly, it provides no justification for the nearly sixteen months that plaintiff allowed to elapse between the close of fact discovery—by which time he must have discovered the evidence prompting his attempt to add class claims— and the filing of this motion. Indeed, plaintiff's counsel litigated a case alleging the existence of a handcuffing policy well before he appeared in this matter. *See* ECF No. 99, *Brim v. City of New York*, No. 13-cv-1082 (E.D.N.Y July 6, 2015).

Next, plaintiff claims that he delayed moving for leave to amend in order to await Judge Brodie's ruling on summary judgment. Plaintiff argues that this was a permissible choice made to avoid an "immense[] waste[]" of judicial and party

resources in the event that Judge Brodie granted summary judgment to defendants. ECF No. 73 at 32. Plaintiff's excuse is not a sufficient explanation for his delay. The cases and materials he cites describe a *court's* prerogative to "hold[] the issue of class certification in abeyance" until other dispositive issues are resolved, *Authors Guild, Inc. v. Google Inc.*, 721 F.3d 132, 135 (2d Cir. 2013). Of course, a court cannot exercise that discretion if a motion is never made in the first place.

The authorities plaintiff cites do not support the proposition that parties may strategically withhold all notice that they plan to move for class certification until they deem it most advantageous, which in this case is years into the litigation. Plaintiff could have moved for class certification much sooner and allowed Judge Brodie to decide whether to hold that motion in abeyance for prudential reasons, but he took that decision on himself instead.

2. *Undue Prejudice*

Transforming this action into class litigation at this stage would cause defendants undue prejudice. An individual § 1983 suit and a class action are very different beasts and transmuting one into the other at this stage would fundamentally transform the litigation in a manner burdensome to defendants. A class action proceeding is more costly, more time-consuming, and exposes defendants to more substantial recoveries than an individual § 1983 suit. In addition, defendants might have made different choices about trial management issues like preparation,

5

discovery, and summary judgment had they known that plaintiff intended to move for class certification. Defendants could be required "to expend significant additional resources to conduct discovery and prepare for trial," and granting class certification now would "significantly delay the resolution of the dispute." *Pasternack*, 863 F.3d at 174. An order granting or denying class action certification also opens the possibility of an interlocutory appeal, *see* Fed. R. Civ. P. 23(f), raising the specter of yet further delay before the merits can be reached.

It is true that converting an individual claim into a class action usually "does not, in and of itself, create the type of prejudice sufficient to deny a motion to amend." *Bertrand v. Sava*, 535 F. Supp. 1020, 1023 (S.D.N.Y. 1982), *rev'd on other grounds,* 684 F.2d 204 (2d Cir 1982). However, the motion to amend here is distinguishable from *Bertrand*, which was only four months old when leave to amend was granted. *See id.* The present matter was filed four *years* ago. There are also other "indicia of prejudice" present here. *Id.* Unlike in *Bertrand*, where "[m]uch of the evidence [produced] . . . related to all" the claimants, *id.*, discovery here was focused on the plaintiff's individual claims and the evidence produced has only minimal value to other claimants. As defendants point out, the police officers deposed were not noticed as Fed. R. Civ. P. 30(b)(6) organizational witnesses, so their testimony about their individual understandings regarding the scope and application of the NYPD's alleged handcuffing policy would bind neither the NYPD

6

nor the City of New York. And unlike in *Pasternack*, where "essentially no discovery ha[d] been undertaken" by the time leave to amend was denied, fact discovery in this case was certified complete more than two years ago. 863 F.3d at 174.

Plaintiff argues that defendants cannot claim prejudice by the mere passage of time, but that misses the point. "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block*, 988 F.2d at 350 (internal citation omitted); *see also GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 100 (2d Cir. 2019) ("As a general rule, the risk of substantial prejudice increases with the passage of time") (internal quotation omitted). The issue here is fundamentally transforming the case at a late stage of litigation, not the passage of time alone. *See Ansam Assocs., Inc. v. Cola Petrol., Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) ("[P]ermitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment.").

Plaintiff also seems to suggest that this case could proceed without substantial new discovery if a class were certified. He argues that Judge Brodie's denial of summary judgment establishes that "it is *already* undisputed that this policy exists and is *blanketly* applied to *all* arrestees," implying that he believes that no further proof would be required on that issue. ECF No. 73 at 17 (emphasis in original).

7

Plaintiff reads too much into Judge Brodie's order. She said that defendants "do not dispute the existence of the NYPD's policy to handcuff hospitalized prisoners," ECF No. 69 at 23. This statement in the order denying summary judgment does not amount to a binding determination of the policy's scope, application, or reasonableness for either plaintiff's individual claims or any claims raised by a later-certified class. Indeed, although I do not rely on it, I note that the earlier case litigated by plaintiff's counsel, a jury expressly found that the plaintiff failed to prove that "the City of New York has a custom or practice of handcuffing all hospitalized prisoners" ECF No. 99 at 3, *Brim*. Additional, likely substantial, discovery will be required if a class is certified. For example, because plaintiff seeks to certify a Rule 23(b)(3) class for which notice would be required, discovery would have to be reopened in order to ascertain the membership of the class in the first instance. *See* Fed. R. Civ. P. 23(c)(2)(B).

   3. *Prejudice to Movant by Denial*

Conversely, plaintiff would experience little prejudice from denial of his motion for leave to amend. *See* 6 Wright & Miller § 1487 (explaining that courts must "consider the position of both parties" and inquire "into the hardship to the moving party if leave to amend is denied"). Indeed, denial of leave to amend may well benefit plaintiff. He will be able to prosecute his excessive force claim, which he acknowledges is "substantially more valuable," ECF No. 73 at 19, together with

8

his individual *Monell* claim, potentially bringing both to a speedier resolution than would be possible were class certification and severance granted.

## **CONCLUSION**

Plaintiff's motion for leave to amend his complaint is denied. Accordingly, his motions to certify a class and sever his individual claims are denied as moot. This order expresses no view on the merits of plaintiff's motion for class certification.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York
May 28, 2021

Edward R. Korman
United States District Judge